GEORGE MANASSE, Plaintiff, *v.* HEINE & COMPANY, Defendant.

Supreme Court, Trial Term, New York County, January 31, 1947.

*Osmond K. Fraenkel* for plaintiff.

*William G. McKnight, Jr.* for defendant.

LEVEY, J. Pursuant to an agreement, made in France, between the parties hereto, there was submitted to arbitration a controversy in connection with an alleged breach of contract. Thereafter, an award was rendered, on February 11, 1938, in favor of the plaintiff and against the defendant in the sum of 1,188,850.16 francs.

Maintaining that the obligation is still unpaid, plaintiff now sues in this court to recover its equivalent in American dollars as of the date of the original award. Defendant, however, contends that payment was fully made in France, and that there is no basis for the present action.

The testimony discloses that on March 30, 1938, a proceeding was instituted in the French courts by the plaintiff for an " exequatur ", or order granting exception upon the award, and that on June 13, 1938, such relief was allowed. The bank balances of the defendant in Paris were then attached, and subsequently, in order to release these attachments or garnishments, defendant deposited the amount of the judgment and accrued interest with a sequestrator who had been appointed by the Court of Paris upon motion of the defendant.

On August 8, 1938, defendant filed objections to the award, and after a lapse of several months plaintiff moved to dismiss these objections but took no further steps either to bring his motion to a hearing, or to effect collection of his judgment.

On January 29, 1943, the defendant withdrew its objections and on the succeeding March 11th, with the plaintiff opposing, the Civil Tribunal of First Instance in Paris upheld the defendant's right to withdraw, at the same time declaring, as valid, the garnishment proceeding. This determination, affirmed on July 17, 1944, by the Court of Appeals of Paris, amounted, virtually, to a transfer of the funds in the hands of the sequestrator from the defendant debtor to the plaintiff garnisher.

On January 18, 1945, the plaintiff having failed to claim the funds in the possession of the sequestrator, the defendant secured a *référé* order authorizing the deposit of the principal amount of the arbitration judgment, together with accrued interest to December 15, 1942, into the Caisse des Depots et Consignations, the national depository of France. This deposit was made and a receipt thereupon was delivered, indicating payment for the account of the plaintiff.

The defendant appears to have effected a complete discharge and full acquittal, in France, of the arbitration award and interest.

Accordingly, the complaint is dismissed and judgment is rendered for the defendant.